**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 31 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES ex rel. JULIA ZEMAN,<br><br>        Plaintiff-Appellant,<br><br> and<br><br>UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, DBA USC University Hospital,<br><br>        Defendant-Appellee. | No.   14-56816<br><br>D.C. No.<br>2:11-cv-05755-DDP-MRW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted October 21, 2016
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TALLMAN, PARKER,[**] and CHRISTEN, Circuit Judges.

Julia Zeman appeals the district court's order dismissing with prejudice her qui tam action alleging claims under the False Claims Act against the University of Southern California, d/b/a USC University Hospital ("USC"). Zeman alleges that USC was "double billing" for overhead costs and, therefore, was presenting false or fraudulent claims to Medicare. The government declined to intervene, the case was unsealed, and Zeman proceeded on her complaint. The district court granted, with leave to amend, two of USC's previous motions to dismiss for failure to state a claim. Its third such motion was denied, and the case moved forward to discovery. Following Zeman's introduction of a new claim during discovery—that USC did not meet the exception for "provider-based status" justifying billing for "facility charges"—the district court granted USC's motion for summary judgment and denied Zeman's request for leave to amend her complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

While the district court did not thoroughly address Zeman's "double billing" theory, the record supports the district court's grant of summary judgment in favor of USC. *See Detrich v. Ryan*, 740 F.3d 1237, 1248 (9th Cir. 2013) (en banc) ("In

[**] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

2

cases where there is little doubt about the correct answer, we will sometimes decide an issue in the first instance rather than remand to the district court."). Medicare allows hospitals to bill for facility fees without violating the "90 day global surgery rule." *See* Medicare Claims Processing Manual ch. 6, § 20.1.1.2. Further, Medicare expects overhead expenses to be higher in hospital outpatient departments compared to those in physicians' offices because hospitals can furnish comprehensive health care services more regularly and have additional legal obligations. *See* 78 Fed. Reg. 43282, 43296 (July 19, 2013). Thus, not only was USC allowed to charge for facility fees, Medicare expected Zeman's cost of care to increase once she began receiving services from USC's hospital. There is no evidence the additional billing was fraudulent and, therefore, summary judgment was appropriate.

Summary judgment was also appropriate with respect to Zeman's claim that USC did not meet the requirements for "provider-based status" under 42 C.F.R. § 413.65. In so holding, we need not reach whether Zeman provided sufficient notice of this claim during discovery under *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000), as we find that Zeman provided no evidence of such a violation. *See Sec. Life Ins. Co. of Am. v. Meyling*, 146 F.3d 1184, 1190 (9th Cir. 1998) (stating that a court "can affirm on any ground supported by the record").

While Zeman alleges that USC failed to correctly code services, integrate medical records, and publicly promote USC's acquisition of the hospital, these claims also lack support. First, it is clear that the radiology clinic was not hospital-licensed at the time of the contested services. Therefore, the services were correctly coded as being provided by a physician's office. Second, medical services and records were integrated among the orthopedic clinic, the surgery clinic, and the hospital as required. Additionally, the records requested by Zeman during this litigation were in the custody of USC Care Medical Group, Inc., an independent physicians' group.[1] USC was not required to merge with this group to satisfy the integration requirement and did in fact provide all records from the clinics once they were acquired and in hospital custody. Third, public awareness measures were in place, and USC provided undisputed evidence that the clinics were adequately presented to the public as part of the hospital. The record therefore demonstrates that USC met provider-based requirements and was entitled to summary judgment.

Finally, the district court did not abuse its discretion in denying Zeman's third request for leave to amend. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4*

---

[1] This argument was not presented to the district court and is therefore waived. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992). However, even if preserved, it is denied on the merits.

*Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (standard of review). While district courts should freely grant leave to amend, their discretion to deny such a request is "particularly broad where [the] plaintiff has previously amended the complaint." *Id.* (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Here, Zeman was given two prior opportunities to amend her complaint. Additionally, the litigation had been ongoing for three years at the time of summary judgment, providing Zeman with ample time to refine her pleadings. Finally, since no evidence of a provider-based violation has been presented, any amendment would surely be futile. Thus, the district court correctly dismissed Zeman's complaint without leave to amend.

Each party shall bear its own costs.

**AFFIRMED.**